IN RE WILLIAM. Y. JOHNSON.
M. B. CARMAN ET AL., APPELLANTS, V. WILLIAM Y. JOHNSON, APPELLEE.

FILED OCTOBER 22, 1908.    No. 15,324.

1. **Intoxicating Liquors: LICENSE: BOND.** If an applicant for license to vend intoxicating liquors in Nebraska tenders a bond not conditioned as required by statute, it is error for the license board to approve said bond and issue a license over the objections of remonstrators.

2. ————: ————: ————. In case a bond not conditioned as required by statute has been thus accepted, the applicant cannot, upon appeal in the district court, cure the defect by filing an amended bond conditioned as the law directs, and thereby validate the action of the license board.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*Perry & Lambe,* for appellants.

*W. S. Morlan* and *P. E. Reeder, contra.*

ROOT, C.
Appeal from a judgment of the district court for Red Willow county affirming an order of the city council of

McCook overruling a remonstrance to the application of William Y. Johnson to vend intoxicating liquors in said city, and from the order granting said license.

The bond in the instant case contains the same infirmities as existed in the undertaking referred to in *In re Clyde, ante,* p. 537. Remonstrants' objections thereto were not as definite as those interposed in the *Clyde* case, but they were sufficient to warn the applicant that his bond was challenged as not complying with the law. At the close of applicant's testimony his counsel offered to amend the bond in any particular, if remonstrants would state the defect therein. The record is silent as to remonstrants' conduct, but it may be assumed that no further specifications, oral or otherwise, were made concerning the bond. If no one other than the applicant and remonstrants were interested in said transaction, and a bond conditioned in all particulars as the statute directs was not a jurisdictional fact in the case, there might be some justice in holding that thereby all objections to the bond were waived, but in the instant case the undertaking was for the benefit of all persons who might have occasion to sue thereon, possibly for the protection of infants then unborn, and, under the circumstances of this case, the objection to the bond, in our judgment, was sufficient. The statute plainly indicates the form of, and conditions to be inserted in, a liquor bond, and the applicant was not entitled to the counsel of his adversary. For the reasons given in the *Clyde* case, we hold that the city council wrongfully directed that a license should issue to Mr. Johnson, that the district court was confined to a consideration of the record certified to it by said council in the matter of said application, and that its judgment affirming the action of the city council and permitting the filing of an amended bond was erroneous.

We therefore recommend that the judgment of the district court be reversed and that the cause be remanded, with directions to that court to enter judgment reversing

the order of the city council and revoking the license granted to Johnson.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to that court to enter judgment reversing the order of the city council and revoking the license granted to Johnson.

REVERSED.